**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br><u>Yomar Hernandez-Maldonado</u>,<br><br>**Defendant** | Criminal No. <u>18-cr-13-1 (DRD)</u> |

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**Re: Amendment 821**</u>

The below report and recommendation relates to an initial determination as to the defendant's eligibility for a sentencing reduction promulgated by the United States Sentencing Commission under Part A and Part B, Subpart 1 of Amendment 821 to Policy Statement § 1B1.10(d).

After careful review of the defendant's presentence report, charging document(s), plea agreement, plea supplement, judgment, and statement of reasons, I recommend that:

☐ **The defendant is <u>not</u> eligible for a sentence reduction based on the following factor(s):**

   ☐ A. The guidelines range that applied in the defendant's case was not determined by U.S.S.G. § 4A1.1(d) or defendant's status as a zero-point offender under Chapter 4, Part A.

   ☐ B. The defendant does not meet <u>all</u> of conditions specified by § 4C1.1. Specifically, one or more of the following criteria applies:

       ☐ 1) the defendant has criminal history points from Chapter Four, Part A;

       ☐ 2) the defendant received an adjustment under U.S.S.G. § 3A1.4 (Terrorism);

       ☐ 3) the defendant used violence or credible threats of violence in connection with the offense;

☐ 4) the offense resulted in death or serious bodily injury;

☐ 5) the offense of conviction was a sex offense;

☐ 6) the defendant personally caused substantial financial hardship;

☐ 7) the defendant possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or otherwise dangerous weapon (or induced another participant to do so) in connection with the offense;

☐ 8) the offense of conviction was covered by U.S.S.G. § 2H1.1 (Offenses Involving Individual Rights); or

☐ 9) the defendant received an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense).

☐ C. The application of Amendment 821 Part A and Part B, subpart 1 does not have the effect of lowering the defendant's applicable guideline range. *See* § 1B1.10(a)(2)(B).

☐ D. The defendant was originally sentenced to a term of imprisonment that is less than or equal to the minimum of the guideline range as amended by Amendment 821 Part A and Part B, subpart 1, and no exception for substantial assistance applies. *See* § 1B1.10(b)(2)(A).

☐ E. The defendant was sentenced to a statutorily mandated minimum imprisonment term. The defendant did not comply with the safety valve provisions and did not receive a reduction of his or her imprisonment term based on a departure for substantial assistance or a Rule 35 motion subsequent to the original sentence. *See* § 1B1.10(c).

Since a determination of ineligibility has been made, the matter is formally submitted to the presiding District Court Judge. Defense counsel, whether retained, appointed, or *pro bono*, has fourteen days to object to the initial assessment of ineligibility. After the fourteen day period, and in the absence of an objection

by defense counsel, the presiding District Court Judge may adopt the recommendation of the Magistrate Judge and may rule on the motion for reduction of sentence.

☒ **The defendant <u>may be</u> eligible for a sentence reduction and therefore the matter is referred to a United States District Judge.**

The presiding judicial officer shall wait for the parties' stipulation of a sentence reduction within fourteen days. If no stipulation is reached within this period, the presiding judicial officer shall wait for the United States Probation Office, defense counsel, and the Government's memoranda, which shall be filed within another fourteen days.

**Reasons:** Defendant received a mandatory minimum sentence of sixty months for Count I (firearm possession in violation of 18 U.S.C. § 924(c)(1)(A)(i)). Dkt. 51 at 5:11–22. Pursuant to U.S.S.G. § 4A1.1(d), he was sentenced to an additional thirty months to run consecutively for Count II (possession with intent to distribute a Schedule II narcotic controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C)). *Id.*

Defendant's total offense level for Count II was 17. *Id.* Further, during sentencing for this offense, he was placed in criminal history category III because he had five criminal history points, two of which resulted from his arrest for this offense while on supervised release. *Id.*; Dkt. 42 (PSR) at 10 ¶ 41. Applying Amendment 821, Defendant would not have received these two points. Thus, he would receive three criminal history points placing him in criminal history category II. Under criminal history category III, Defendant's offense in Count II warranted a sentence ranging from 30 to 37 months. But under criminal history category II, his offense in Count II would warrant a sentence ranging from 27 to 33 months.

4

<u>I note that Defendant admitted to possessing a firearm in connection with his offense in Count II. Dkt. 35 (plea agreement) at 10. However, that admission does not affect his eligibility for a reduction of his Count II sentence based on the recalculation of his criminal history.</u>

IT IS SO RECOMMENDED.

In San Juan, Puerto Rico, this <u>12th</u> day of <u>December</u>, 2023.

                                                *s/ Bruce J. McGiverin*
                                                **BRUCE J. McGIVERIN**
                                                United States Magistrate Judge